UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

MARLENE CANALES BONILLA,

        Plaintiff,

v.

STEFANO RISTORANTE, INC.

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARLENE CANALES BONILLA ("Canales"), by and through undersigned counsel, hereby sues Defendant, STEFANO RISTORANTE, INC. ("Ristorante"), and alleges as follows:

### INTRODUCTION

1. This is an action by Plaintiff against Defendant for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq. Plaintiff seeks damages and reasonable attorney's fees, together with other relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this case arises under the FLSA.

3. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because Plaintiff was employed by Defendant in a location within this district and a substantial amount of the actions at issue occurred in this district.

## THE PARTIES

4. At all material times, Plaintiff Canales has been a resident of Collier County, Florida, and an "employee" of Defendant within the meaning of the FLSA.

5. At all material times, Defendant Ristorante operated as a restaurant within this district and has its principal place of business in Collier County, Florida.

6. At all material times, Defendant Ristorante was the "employer" of Plaintiff within the meaning of the FLSA.

7. At all material times, Defendant Ristorante was an enterprise engaged in commerce covered by the FLSA, and as defined by 29 U.S.C. §203(r) and §203(s).

8. At all material times, Defendant Ristorante earned gross earnings of at least $500,000.00 annually.

9. At all material times, Defendant Ristorante had two or more employees engaged in commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

10. Plaintiff was an employee of Defendant Ristorante and was individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

11. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant Ristorante.

## GENERAL FACTUAL ALLEGATIONS

12. Plaintiff was employed as a dish washer, food preparer, and cook by Defendant Ristorante from 2018 to 2023.

13. Throughout her employment, Plaintiff did not have the authority to hire or fire any of Defendant Ristorante's employees.

14. Throughout her employment, Plaintiff did not have the authority to discipline any of Defendant Ristorante's employees.

15. Throughout her employment, Plaintiff Canales worked in excess of forty (40) hours per week.

16. Throughout her employment, Plaintiff did not receive the required overtime rate for each hour worked in excess of forty (40) hours per week.

17. Documentation evidencing the number of hours worked by Plaintiff and the compensation actually paid to Plaintiff should be in the possession, custody, and control of Defendant Ristorante.

18. Plaintiff has retained the undersigned law firm to represent him in this matter and has agreed to pay the law firm a reasonable fee for its services.

## COUNT I - UNPAID OVERTIME WAGES

19. Plaintiff Canales re-alleges and incorporates paragraphs 1 through 18, as if fully set forth herein.

20. Throughout Plaintiff Canales's employment, Defendant Ristorante repeatedly and willfully violated § 7 and § 15 of FLSA by failing to compensate Plaintiff Canales the required overtime rate for each hour worked in excess of forty (40) hours per week.

21. Defendant Ristorante did not act in good faith or reliance upon any of the following in formulating its decision to improperly compensate Plaintiff Canales

the appropriate overtime rate for hours worked in excess of forty (40) hours per week: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.,* (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

22.   As a direct and proximate result of Defendant Ristorante's willful violation of the FLSA, Plaintiff Canales is entitled to liquidated damages pursuant to the FLSA.

**WHEREFORE**, Plaintiff Canales demands a judgment against Defendant Ristorante for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional amount equal to the overtime wages found to be due and owing as liquidated damages;

(c) Reasonable attorney's fees and costs pursuant to the FLSA; and

(d) Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable in this matter.

Dated:  September 25, 2023                    Respectfully Submitted,

By:   */s/ Gustavo A. Bravo*
       Gustavo A. Bravo
       Florida Bar No.:  551287

       **BRAVO LAW**
       1555 Bonaventure Blvd., Suite 157
       Weston, FL 33326
       Telephone: (954) 790-6711
       Primary:  gbravo@lawbravo.com
       Secondary: efile@lawbravo.com